IN THE CIRCUIT COURT OF ASHLEY COUNTY, ARKANSAS
CIVIL DIVISION

SHERRY AMERSON AND
RICHARD AMERSON                                              PLAINTIFFS

CV2015-042-3

VS.

GEORGIA – PACIFIC LLC,
GEORGIA PACIFIC CORPORATION
And JOHN DOES A-Z, said designation
Representing those Individuals, management
Corporation/companies or other entity who have
An interest in GEORGIA – PACIFIC LLC subjecting
Them/it to liability as a separate judicial entity for the
Acts of negligence and/or fault alleged herein              DEFENDANTS

FILED FOR RECORD
Ashley County, Arkansas
at 10:10 o'clock __m
MAR 02 2015
VICKIE STELL, CIRCUIT CLERK
By_____ DC

## COMPLAINT

Comes now Sherry Amerson and Richard Amerson, Plaintiffs, by and through their attorney, Michael D. Ray, and for his Complaint at Law does state as follows:

### COUNT ONE:

1. That the Plaintiffs at all times herein were residents of Ashley County, Arkansas.

2. This Court is the proper Court for Jurisdiction and venue pursuant to A.C.A. 1266-60-109.

3. That this Court has jurisdiction over the subject matter of the claim pursuant to A.C.A. 16-13-201.

4. That the Defendant, Georgia – Pacific, LLC is a foreign limited liability company duly authorized to conduct business in the State of Arkansas and doing business in Ashley County, Arkansas and may be served with process by serving its agent, The Corporation Company, 124 West Capitol Ave, Suite 1900, Little Rock, Arkansas 72201, or at its principal place of business.

5. Upon information and belief, and after checking with the Arkansas Secretary of State's Office and the Ashley County Assessor's Office, it appears that Georgia Pacific Corporation was and is the owner of the Georgia Pacific Lake Bait store where the injury occurred.

6. That the Defendant, Georgia Pacific Corporation is a foreign limited liability company duly authorized to conduct business in the State of Arkansas and doing business in Ashley County, Arkansas and may be served with process by serving its agent, The Corporation Company, 425 West Capitol Ave, Suite 1900, Little Rock, Arkansas 72201, or at its principal place of business.

7. Georgia Pacific Corporation's status on the Arkansas Secretary of State web site indicates that Georgia Pacific Corporation's status has been converted.

8. As the owner/employers of The Georgia Pacific Lake Bait Store, the aforementioned corporations (either Georgia – Pacific LLC or the Georgia Pacific Corporation, said businesses are listed as the Defendants in these proceedings under the theory of principal/agent and the Doctrine of Respondent Superior.

9. Upon Information and belief Plaintiffs allege the Georgia – Pacific LLC and or Georgia Pacific Corporation is/are liable for the debts and/or liabilities resulting from the operation of the Georgia Pacific Lake Bait Store at all times relevant hereto.

10. Additionally, John Doe Defendants A-Z is a designation representing the appropriate individual, corporate, or other business entities that had any interest in the operation or ownership of The Georgia Pacific Lake Bait Store subjecting them/it to liability as a separate judicial entity for the acts of negligence and/or fault alleged herein.

11. Attached hereto as Exhibit A is an Affidavit filed in accordance with Ark. Code Ann. 16-56-125 the Plaintiffs will amend their Complaint if necessary to specifically name and identify the proper individual(s) and/or other corporate or business entities as they are further identified. The Affidavit is filed in accordance with Ark. Code Ann. 16-56-125.

12. On or about the 30th day of April, 2012, and for some time prior thereto, Defendants through its/their duly authorized servants, agents and employees, operated a business known as Georgia Pacific Lake Bait Store in Crossett, Ashley County, Arkansas, and did business as Georgia Pacific Lake Bait Store and as a part of said operations, the Defendants maintained its/their entrances, exits, exterior walkways, parking lots and grounds and property for use by the public, specifically upon which it/they invited perspective customers to enter and walk upon and for employees to use.

13. On or about the 30th day of April, 2012, Sherry Amerson, while exiting the store through the side door to meet her husband, Richard Amerson, who was returning to the store with groceries and personal items did, while in route to her husband and while descending he stairs, place her hand upon the guard rail to assist herself in the course of her descent and said guard rail did break and give way causing her to fall with great force.

14. Arkansas law makes it clear that all Defendants were under a duty to use ordinary care and vigilance to maintain the premises in a reasonably safe condition for the Plaintiff and other invitees.

15. Plantiff, Sherry Amerson, was an invitee and was owed a duty of ordinary care.

## COUNT 1: NEGLIGENCE OF DEFENDANTS

16. Plaintiff, Sherry Amerson, was owed by Defendants, a duty to use ordinary care to maintain the premises in a reasonably safe condition and in failing to do so, Defendants were negligent.

17. That it was both reasonable and foreseeable by the Defendants, their agents and employees that Plaintiff could and would be injured as a result of the deteriorating condition of the store, stairs and exits.

18. That the Defendants were placed on notice of the deteriorating condition of the store by the Plaintiff's and the Defendant's failed to take action to maintain the premises.

19. This negligence proximately caused the injuries and damages to Plaintiff, Sherry Amerson, herein alleged, to wit:

    a. Failure to use ordinary care to design, redesign, build or maintain the premises (ramp area) in a reasonably safe condition;

    b. Failure to exercise the required care for physical safety of their invitees;

    c. Failure to maintain adequate warnings, markings, signage, handrails, slope angle, joint height, or other such measures for the protection of persons such as Plaintiff;

    d. Failure to make a reasonable inspection of the premises to protect Plaintiff from the dangerous ramp upon which she fell; and

    e. Failure to use ordinary care for the safety of Plaintiff, Sherry Amerson;

    f. Failure to use ordinary care to design or build or maintain the premises in a reasonably safe condition and in conformance with state or federal codes,

including but not limited to requirements regarding the slope of the ramp, uneven concrete joints, gaps in the concrete ramp joints; and

g. Failure to make a reasonable inspection of the premises ramp to protect Plaintiff from the dangerous stairs and hand rail upon which she fell, as Defendants knew or should have known of the poor condition of said railing.

## COMPENSATORY DAMAGES FOR SHERRY AMERSON

20. As a sole and proximate result to the negligence of Defendants, as is set forth herein, the Plaintiff, Sherry Amerson, has sustained and should recover the following damages:

   a. Plaintiff has sustained severe and permanent injuries to her knee and ankle area;

   b. Plaintiff has incurred medical bills and will experience future medical bills for the reasonable care and treatment of her condition;

   c. Plaintiff has experienced pain and suffering and mental anguish in the past and will so experience pain and suffering and mental anguish in the future;

   d. Plaintiff has sustained permanent injury.

21. For all of which, Plaintiff, Sherry Amerson, is entitled to recover an amount in damages in excess of that required for federal diversity jurisdiction.

## COUNT TWO

22. Plaintiffs hereby incorporate paragraphs one through twenty one of Count One into Count Two as if set forth word for word.

23. Plaintiff, Richard Amerson, was the spouse of Sherry Amerson for all times relevant to these proceedings.

24. Plaintiff, Richard Amerson, contends that as a result of the injuries sustained by Sherry Amerson from the above referenced accident that she has been unable to perform and provide companionship and services in his home which Plaintiff was performing prior to her injuries.

25. Plaintiff, Richard Amerson, contends that for a period of time Sherry Amerson was completely unable to perform any of the activities and duties normally and regularly conducted by her prior to her fall due to the injuries she sustained and she continues to be limited in terms of the activities, companionship and services she is able to perform all of which is to the detriment of Richard Amerson.

26. Plaintiff, Richard Amerson, contends that for a period he had to render aid and attention to his wife because her injuries were such that she could not attend to all of her personal needs and care and he had to render aid and provide health and services for his wife due to her injuries and for the reasons set forth above, Plaintiff, Richard Amerson, makes claim for loss of consortium in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

27. Plaintiff demands a trial by jury on all issues herein placed.

Wherefore, premises considered Plaintiffs, Sherry Amerson and Richard Amerson, pray judgment over and against the Defendants, Georgia – Pacific LLC, Georgia Pacific Corporation and such John Does as are found to have had an interest in said premises and or a duty of care to Plaintiff's all in an amount which shall be proven at trial and which Plaintiff's reasonably believe will be in excess of the sum of $500,000.00 for all damages alleged herein including but not limited to past, present and future, pain, suffering, mental anguish, loss of income and future earnings, medical costs, loss of consortium and for all further relief to which the Plaintiffs may be entitled.

Respectfully submitted:

Sherry Amerson and Richard Amerson
Through their attorney, Michael D. Ray

By: _____
Michael D. Ray
909 Main Street
PO Box 1123
Crossett, AR 71635
870-364-5176
870-364-6503 (fax)

## VERIFICATION

I, Sherry Amerson, Plaintiff, state under oath that the facts contained in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

_____
Sherry Amerson